[Cite as *Beardsley v. Ohio Dept. of Transp.*, 2011-Ohio-3548.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STACEY BEARDSLEY

     Plaintiff

     V.

OHIO DEPT. OF TRANSPORTATION

     Defendant

     Case No. 2011-01062-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Stacey Beardsley, filed this action against defendant, Department of Transportation (ODOT), contending a 2007 Dodge Charger she was driving was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 70 West in Franklin County. Plaintiff noted the 2007 Dodge Charger was damaged when the vehicle struck "two concrete boulders" laying on the traveled portion of the roadway "just past the Central Ave. Exit and approximately one mile east of Hague Ave. Exit." Plaintiff related the "two concrete boulders bounced from under a semi truck in the immediate right lane next to my vehicle" and pointed out she was unable to maneuver around the concrete debris due to weather conditions. Plaintiff recalled the described damage incident occurred on November 24, 2010 at approximately 7:45 p.m. Plaintiff filed a "Local Traffic Crash Report" (copy submitted) with the City of Columbus Police Department after the November 24, 2010 incident. In her complaint, plaintiff advised she "called Columbus Police on November 26, 2010 (and) it was at that time I was informed that there was a rather large pothole in this area that had caused damage to other vehicles." According to plaintiff, the "two concrete boulders" that damaged the 2007 Dodge Charger were deteriorated pavement pieces

from a newly formed pothole on Interstate 70. Plaintiff asserted defendant should bear liability for the automotive repair expense she incurred and consequently she filed this complaint seeking to recover $500.00, her insurance coverage deductible for repairs. The filing fee was paid.

**{¶ 2}** Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the damage-causing debris condition prior to plaintiff's incident. Defendant located the debris between "state mileposts 98.03 and 95.98 on Interstate 70 in Franklin County" and advised ODOT did not receive any calls or complaints for debris at that location despite the fact that the particular "section of roadway has an average daily traffic count between 62,910 and 86,530 vehicles." Defendant suggested, "that the debris existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant asserted plaintiff failed to establish the length of time the concrete debris existed on the roadway prior to 7:45 p.m. on November 24, 2010. Defendant further asserted plaintiff failed to establish the damage-causing debris condition was attributable to any conduct on the part of ODOT. Defendant noted plaintiff's evidence in her complaint pointed to the fact the damage-causing concrete boulders were displaced on the roadway by an unidentified third party not affiliated with ODOT. Defendant pointed out plaintiff stated in her complaint that the concrete boulders were thrown into the path of her car by that same unidentified third party motorist. Defendant argued ODOT is generally not liable for damage caused by the acts of third parties with no connection to ODOT.

**{¶ 3}** Defendant related the ODOT "Franklin County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no concrete debris were discovered between mileposts 98.03 and 95.98 on Interstate 70 the last time that section of roadway was inspected before November 24, 2010. The claim file is devoid of any inspection record. Defendant did submit a six-month maintenance history of the specific roadway area in question which recorded thirty-seven maintenance operations were performed in the area from May 1, 2010 to November 24, 2010. Included in the maintenance activities in the area were twenty litter pickups. ODOT personnel were conduct litter pickup in the specific area on November 23, 2010, the day before plaintiff's November 24, 2010 incident. Defendant stated "if ODOT personnel had found any debris it would have

been picked up." Defendant argued plaintiff failed to produce any evidence to show her property damage was proximately caused by negligent maintenance on the part of ODOT.

{¶ 4} Plaintiff filed a response relating ODOT "is responsible for my damage." Plaintiff further related "[t]he stuff I ran over is from a pothole." Plaintiff did not produce any evidence to establish the length of time the pavement debris was on the roadway prior to 7:45 p.m. on November 24, 2010.

{¶ 5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR

64, 507 N.E. 2d 1179.

{¶ 8} Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven. Generally, defendant is only liable for roadway conditions of which it has notice, but fails to correct. *Bussard*. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that her property damage was caused by a defective condition created by ODOT or that defendant knew about the particular debris condition prior to 7:45 p.m. on November 24, 2010.

{¶ 9} Ordinarily, to recover in any suit involving injury proximately caused by roadway conditions including pavement debris, plaintiff must prove that either: 1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove that ODOT had actual notice of the damage-causing condition. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

{¶ 10} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4,*

Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 11} Plaintiff has not produced any evidence to indicate the length of time that the concrete debris was present on the roadway prior to the incident forming the basis of this claim. Plaintiff has not shown that defendant had actual notice of the condition. Also, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the concrete pavement debris appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the concrete debris on the roadway.

{¶ 12} Evidence in the instant action is undisputed to show that plaintiff's damage was caused by an act of an unidentified third party. Defendant has denied liability based on the particular premise that it had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conduct needs to be controlled. See *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769. However, defendant may still bear liability if it can be established if some act or omission on the part of ODOT was the proximate cause of plaintiff's injury. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 13} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 14} Plaintiff has failed to prove, by a preponderance of the evidence, that defendant failed to discharge a duty owed to plaintiff, or that plaintiff's injury was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing object at the time of the damage incident was connected to any conduct under the control of defendant or any negligence on the part of defendant proximately caused

the damage. *Herman v. Ohio Dept. of Transp.* (2006), 2006-05730-AD; *Husak v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-03963-AD, 2008-Ohio-5179. Plaintiff has not produced evidence to conclude defendant, in a general sense, maintains the highways negligently or that defendant's acts caused the defective condition or conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD; *Lehmkuhl v. Dept. of Transp.*, Ct. Of Cl. No. 2007-02416-AD, 2007-Ohio-3102.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STACEY BEARDSLEY

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2011-01062-AD

Deputy Clerk Daniel R. Borchert

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Stacey Beardley                    Jerry Wray, Director
6700 Alkire Road                   Department of Transportation
Galloway, Ohio  43119              1980 West Broad Street
                                   Columbus, Ohio  43223

RDK/laa
3/29
Filed 4/7/11
Sent to S.C. reporter 7/8/11